UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH D. JOHNSON,

        Plaintiff,

v.

Case No. 3:22-cv-378-MMH-MCR

U.S. DEPARTMENT OF JUSTICE
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,

        Defendant.

## ORDER

Plaintiff Joseph D. Johnson, an inmate of the Florida penal system, initiated this action on March 28, 2022, by filing a pro se "Request [for] Information and/or All Writs Act 28 U.S.C. § 1651(a), (b)" (Complaint; Doc. 1).[1] In the Complaint, Johnson names the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), a law enforcement agency of the United States Department of Justice, as the Defendant. He asserts that on November 29, 2021, he requested copies of reports related to the disposition of ATF investigation number 767060-18-0011, but ATF never responded to his

---

[1] For all referenced documents, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

request. Complaint at 2; Doc. 1-1 at 1, Letter to ATF. As relief, he asks that the Court direct the ATF to provide any information related to the federal investigation.

> Johnson filed the Complaint under "The All Writs Act," which states:
>
> > (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
> >
> > (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651. He wants the Court to direct the ATF to provide him with documents he requested in November 2021. A federal court may issue a mandamus order pursuant to 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The mandamus remedy is a drastic one that is to be invoked only in extraordinary circumstances. See Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (describing mandamus as an "extraordinary remedy which should be utilized only in the clearest and most compelling of cases" (internal quotations omitted)). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Id. at 1358. "The party seeking mandamus has the burden of demonstrating that his

right to the writ is clear and indisputable." Hakki v. Sec'y, Dep't of Veterans Affs., 7 F.4th 1012, 1036-37 (11th Cir. 2021). A plaintiff cannot resort to the extraordinary remedy of mandamus when there is an adequate alternative "avenue for relief." Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004).

Johnson has not met his burden of showing that he is entitled to federal mandamus relief. He fails to demonstrate an indisputable right to any relief or a clear duty on the part of the ATF. The Court does not have the authority to direct the ATF to provide Johnson with documents related to a federal investigation. Instead, Johnson may contact Kevin D. Carlisle, his attorney who represents him in his state-court criminal cases, to ask for assistance in determining either Johnson's entitlement to the documents and/or the appropriate avenue to obtain the documents. The Court will direct the Clerk to provide Mr. Carlisle with a copy of this Order for appropriate action, if any. According to the state-court docket in Duval County case number 16-2015-CF-010014-AXXX-MA, Johnson's February 17, 2022 request for documents (Doc. 487), is still pending. Notably, the ATF provides instructions on how to request information under the Freedom of Information Act. See https://www.atf.gov/resource-center/freedom-information-act-foia.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3. The Clerk shall send a copy of the Complaint (Doc. 1) and this Order to Kevin D. Carlisle, 12724 Gran Bay Parkway West, Suite 410, Jacksonville, FL 32258-9486.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April, 2022.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

Jax-1 4/14
c:
Joseph Dwayne Johnson, FDOC #J56210

4